UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMION HANSON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 07-1825(JR) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| Defendants. : | |

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

Defendants, by counsel, hereby move, pursuant to Fed. P. Civ. R. 12(b)(6), for partial dismissal of Plaintiff's Complaint, for his failure to state a claim against Defendants for which relief may be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

November 1, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMION HANSON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 07-1825(JR) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| Defendants. : | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL**

**Preliminary Statement.**

On October 10, 2007, plaintiff filed the instant lawsuit against the District of Columbia and Michelle Rhee, Chancellor of the District of Columbia Schools ("DCPS"). Plaintiff brings the Complaint, *inter alia,* pursuant to 42 U.S.C. Section 1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C Sec. 794, and the Individual with Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec. 1400 *et. seq.* (Complaint par. 1)

Plaintiff alleges that he does not have an appropriate school placement, and that DCPS failed to complete his neuro-psychological assessment. (Complaint paragraphs 49, 57, 58). Plaintiff filed an administrative due process hearing request, but was denied the requested relief by a hearing officer, in a decision dated July 10, 2007. Plaintiff is appealing that decision.

As shown below, however, plaintiff's Complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

2

**ARGUMENT**

I. **Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(B)(6)**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S.232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41-56-46 (1957) and citing *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

"While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations ….a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. (citations omitted)  Factual allegations must be enough to raise a right to relief above the speculative level." (citations omitted). Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). *See*

*also* Robinson v. District of Columbia, No. 06-1253, Memorandum Opinion at 7 (August 1, 2007).

**II.  To the Extent the Complaint Asserts Rights under Section 1983, Plaintiff Has Failed to State a Claim for Which Relief Can be Granted**.

Plaintiff's assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiff's seeming claims for relief under that statute, are plainly in error.  42 U.S.C.§1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiff to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation.  See e.g., *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under Section 1983.  In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

4

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003); R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003). Plaintiffs' Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of the alleged IDEIA violations, or any reason why the "normal remedies" under the IDEIA would be inadequate.

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).

Other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the instant Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

**III.  Plaintiff does not Have a Claim Under Section 504 of the Rehabilitation Act.**

To state a claim under section 504 of the Rehabilitation Act, plaintiff must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. *See also* Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28

5

(D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of IDEIA, plaintiff must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEIA. <u>Lunceford v. District of Columbia Board of Ed.</u>, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting <u>Monahan v. Nebraska</u>, 687 F.2d at 1170-71 (8th Cir. 1982)). Hence, Plaintiff must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" <u>Monahan</u>, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiff's Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. Thus plaintiff's Complaint fails properly to allege a claim, as it lacks factual allegations essential to a cause of action under Section 504, and any claim under the statute must be dismissed. See, <u>Lavon Savoy-Kelly v. Eastern High School</u>, *supra*, slip op. at 10.

## **CONCLUSION**

Plaintiff's claims seeking relief pursuant to 42 U.S.C. Section 1983, and Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794, must be dismissed because plaintiff has failed to make allegations sufficient to establish a *prima facie* case.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

                                  /s/ Edward P. Taptich
                                  EDWARD P. TAPTICH [012914]
                                  Chief, Equity, Section 2

                                  /s/ Maria L. Merkowitz
                                  MARIA L. MERKOWITZ [312967]
                                  Senior Litigation Counsel
                                  441 4th Street, N.W.
                                  Sixth Floor South
                                  Washington, DC 20001
                                  (202) 442-9842
                                  E-mail – maria.merkowitz@dc.gov

November 1, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMION HANSON,** : <br> **Plaintiff,** : <br> v. : **Civ. No. 07-1825(JR)** <br> **DISTRICT OF COLUMBIA, et al.,** : <br> **Defendants.** : | |

ORDER

Upon consideration of Defendants' Motion for Partial Dismissal of the Complaint, Plaintiff's Opposition to the same, and the entire record herein, it is this _____ day of _____ 2007, hereby

ORDERED, that Defendants' Motion for Partial Dismissal is GRANTED.

_____

Judge James Robertson

8