UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMION HANSON,** | : |
| Plaintiff, | : |
| v. | : Civ. No. 07-1825(JR) |
| **DISTRICT OF COLUMBIA, et al.,** | : |
| Defendants. | : |

## DEFENDANTS' ANSWER TO COMPLAINT

### JURISDICTION

Paragraph numbers below correspond to the paragraph numbers in the Complaint.

1. Defendants admit the existence of the statutory authorities alluded to in paragraph numbered 1, but deny that jurisdiction is necessarily conferred on the court solely thereby.

2-3. Defendants admit the existence of the statutory authorities alluded to in paragraphs numbered 2 through 3, but deny that relief and venue are necessarily authorized or proper solely by reason thereof.

### PARTIES

4. The allegations contained in paragraph numbered 4 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

5. Defendants deny the allegations contained in paragraph numbered 5 of the Complaint.

6-7.  Defendants admit the allegations contained in paragraphs numbered 6 through 7 of the Complaint.

## FACTUAL BACKGROUND

1. Defendants deny the allegations contained in paragraph numbered 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph numbered 2 of the Complaint.

3. Defendants can neither admit nor deny the allegations contained in paragraph numbered 3, as they are unintelligible.

4. The allegations contained in paragraph numbered 4 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

5. Defendants have insufficient knowledge to admit or deny the allegations contained in paragraph numbered 5.

6-8. Defendants admit the allegations contained in paragraphs 6-8 of the Complaint.

9. Defendants can neither admit nor deny the allegations contained in paragraph 9 as they are vague as to time.

10. Defendants admit that Damion was sent to the Choice Academy. The remaining allegations are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

11. Defendants can neither admit nor deny the allegations contained in paragraph 11 as they are vague as to time.

12. Defendants admit the allegations contained in paragraph numbered 12 of the Complaint.

13-14. The allegations contained in paragraphs numbered 13-14 are a characterization of the March 8, 2006, psychiatric evaluation, to which no response is required. The March 8, 2006, psychiatric evaluation speaks for itself.

15. The allegations contained in paragraph numbered 15 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

16-17. The allegations contained in paragraph numbered 16 are a characterization of the August 29, 2006, Hearing Officer's Determination ("HOD"), to which no response is required. The Hearing Officer's Determination ("HOD") speaks for itself.

18. The allegations contained in paragraph numbered 18 are a characterization of a September 13, 2006, independent social history assessment, to which no response is required. The September 13, 2006, independent social history assessment speaks for itself.

19-20. The allegations contained in paragraphs numbered 19-20 are a characterization of a September 25, 2006, independent clinical-psychological assessment, to which no response is required. The

      September 25, 2006, independent clinical-psychological assessment speaks for itself.

21. Defendants can neither admit nor deny the allegations contained in paragraph 21 as they are unintelligible.

22-25. The allegations contained in paragraphs numbered 22-25 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

26-27. The allegations contained in paragraphs numbered 26-27 are a characterization of a December 6, 2006, psychiatric assessment, to which no response is required. The December 6, 2006, psychiatric assessment speaks for itself.

28. The allegations contained in paragraph numbered 28 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

29. Defendants admit the allegations contained in paragraph numbered 29 of the Complaint.

30. Defendants admit that the team developed an Individualized Educational Program classifying Damion as emotionally disturbed and entitling him to 26 hours of specialized instruction per week in the special education setting and one hour of psychological services per week. The remaining allegations contained in paragraph numbered 30 are denied.

31-36    The allegations contained in paragraphs numbered 31 through 36 are a characterization of a December 19, 2006, MDT meeting, to which no response is required. The MDT meeting notes speak for themselves.

37.    Defendants admit the allegations contained in paragraph 37 of the Complaint.

38.    The allegations contained in paragraph numbered 38 of the Complaint are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

39-40.    The allegations contained in paragraph numbered 39 are a characterization of an April 25, 2007, MDT meeting, to which no response is required. The April 25, 2007, MDT meeting speaks for itself.

41.    The allegations contained in paragraph numbered 41 are a characterization of a May 7, 2007, due process complaint to which no response is required. The May 7, 2007, due process complaint speaks for itself.

42.    The allegations contained in paragraph numbered 42 are a characterization of a supplement to the December 6, 2006, psychiatric assessment, to which no response is required. The December 6, 2006, psychiatric assessment speaks for itself.

43.    Defendants admit the allegations contained in paragraph numbered 43 of the Complaint.

44. The allegations contained in paragraph numbered 44 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

45. The allegations contained in paragraph numbered 45 are a characterization of a July 6, 2007, hearing, to which no response is required. The July 6, 2007, hearing transcript speaks for itself.

46-47. The allegations contained in paragraphs numbered 46-47 are a characterization of a July 10, 2007, HOD, to which no response is required. The July 10, 2007, HOD speaks for itself.

## COUNT I

48. Defendants incorporate by reference their answers to paragraphs numbered 1-48.

49. Defendants deny the allegations contained in paragraph numbered 49 of the Complaint.

50-51. Defendants admit the allegations contained in paragraphs numbered 50 through 51 of the Complaint.

52. The allegations contained in paragraph numbered 52 are a characterization of 34 CFR Section 300.301, to which no response is required. 34 CFR Section 300.301 speaks for itself.

53. The allegations contained in paragraph numbered 53 are a characterization of 20 U.S.C. 1414 (7) (A), to which no response is required. 20 U.S.C. 1414 (7) (A) speaks for itself.

54-55. The allegations contained in paragraphs numbered 54 through 55 are conclusions of law and/or fact of the pleader, to which no response is required.  If a response is required, then the same are denied.

## COUNT II

56. Defendants incorporate by reference their answers to paragraphs numbered 1-56.

57. Defendants deny the allegations contained in paragraph numbered 57 of the Complaint.

58. The allegations contained in paragraph numbered 58 are conclusions of law and/or fact of the pleader, to which no response is required.  If a response is required, then the same are denied.

59. The allegations contained in paragraph numbered 59 of the Complaint are a characterization of a HOD, to which no response is required.  The HOD speaks for itself.

60. The allegations contained in paragraph numbered 60 are conclusions of law and/or fact of the pleader, to which no response is required.  If a response is required, then the same are denied.

### FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies on all pertinent issues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Hearing Officer's Decision was well reasoned and appropriate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

November 14, 2007